`[Massey et al. v. Clarke.]

JULY TERM, 1882, No. 117.                    JANUARY 6, 1883.

## Massey *et al. v.* Clarke.

1. The depositions are no part of the record on a writ of error for discharging a rule to strike off a judgment and to set aside the *fieri facias* issued thereon, and they are not legally before the Court in error for consideration.

2. The record showing a judgment valid and regular on its face, a refusal to strike it off was, therefore, clearly right.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ.

Error to Court of Common Pleas, No. 2, of *Philadelphia County*.

Rule to show cause why *fi. fa.* should not be set aside, and the judgment against Mary H. Massey stricken off.

Judgment was entered March 14, 1882, in favor of F. T. Clarke, assignee of Jerome Tantum, against C. T. Massey and Mary H. Massey, for $512 73, upon a single bill, under seal, dated January 21, 1882, for $488 31, payable ninety days after December 13, 1881, with five per cent., attorney's collection fees, &c., and containing a warrant of attorney to confess judgment.

The Court below, after hearing depositions taken under this rule, May 31, 1882, discharged the rule, and made the following order:

"The lien of this judgment against Mary H. Massey, and the *fi. fa.* issued thereon, is limited and restricted to the goods and fixtures of drug store, 936 Market street, which, she alleges, she purchased from Jerome Tantum,

[Pennypacker *v.* Camden and Atlantic Railroad Company.]

on December 13, 1881, and for which the judgment-note upon which the above judgment was entered was given in part payment."

Counsel for Mary H. Massey then took out a writ of error, and assigned as error the action of the Court in discharging the rule to set aside the *fi. fa.* and to strike off the judgment against Mary H. Massey, and, in making the above order, restricting the lien of the judgment, &c.

*Samuel P. Hansom* for plaintiff in error.

*B. Daniels* and *D. W. Sellers* for defendant in error.

The act of 4 April, 1877, (Purd. Dig., 2115,) provides only for an *appeal* from a refusal to *open* a judgment. If this Court can take cognizance of an appeal to *strike off* a judgment, it must be brought up by *certiorari* and not by writ of error.

JANUARY 29, 1883.—PER CURIAM: The main complaint is the refusal to strike off this judgment. If there be no error in this, there is none in refusing to set aside the *fi. fa.*, nor in permitting the property named to be seized in execution. This is not an appeal from a refusal to open the judgment, but a writ of error for not granting the relief stated. The depositions taken are not legally before us, and cannot be considered. They are no part of the record to be reviewed on this writ. The record shows a judgment valid and regular on its face. The refusal to strike off was, therefore, clearly right.

Judgment affirmed.